**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 CR 239 |
| | ) | |
| ANTHONY CALABRESE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Petitioner, Anthony Calabrese, has filed a motion ("Motion") seeking the records and transcripts of proceedings related to the grand jury that indicted him, purportedly for "academic and research studies." For the following reasons, the Court denies the Motion for want of subject-matter jurisdiction.

**LEGAL STANDARD**

To obtain grand-jury materials, one must make a strong showing of particularized need that "the information 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed.'" *United States v. Campbell* (*Campbell II*), 324 F.3d 497, 498-99 (7th Cir. 2003) (quoting *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 222, 99 S. Ct. 1667 (1979)); *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443, 103 S. Ct. 3133, 3148 (1983). In deciding whether a party has made such a showing, "the district court has 'substantial discretion.'" *Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987) (quoting *Douglas Oil*, 441 U.S. at 222-23, 99 S. Ct. at 1674-75).

**BACKGROUND**

A grand jury returned a second superseding indictment against Petitioner Calabrese and others on September 14, 2006, charging Petitioner with three counts of robbery in violation of 18 U.S.C. § 1951(b)(1) and three counts of brandishing a firearm in furtherance of those robberies in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (R. 56, Second Superseding Indictment; R. 230, Renumbered Indictment.) After a trial, a jury found Petitioner guilty on all counts, and he was sentenced on July 18, 2008. (R. 233, 2/8/08 Minute Order; R. 293, Judgment.)

On appeal, the Seventh Circuit affirmed his conviction and sentence. *See United States v. Calabrese*, 572 F.3d 362 (7th Cir. 2009). Petitioner has filed a writ of certiorari with the Supreme Court and has not sought to collaterally attack his conviction. In his one-page Motion, Petitioner seeks "for the purpose of academic and research studies" the "records/transcripts of the SPECIAL FEBRUARY 2005-2 GRAND JURY which issued the indictment." (R. 363, Mot. at 1.)

**ANALYSIS**

While neither party raises the issue, the Court must address whether it has subject-matter jurisdiction over this matter. *See CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 447 (7th Cir. 2010). "A post-judgment motion needs a source of authority for the judge to act, and Fed. R. Crim. P. 6(e), which authorizes motions to inspect grand-jury materials *in* criminal cases, does not purport to authorize judges to act *after* the litigation has concluded." *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (emphasis in original and noting that "once a criminal case ends in a sentence the judge's power lapses"). Petitioner Calabrese does not seek to use the requested materials in relation to his criminal case, a collateral attack, or any other litigation, and

2

his request does not fall within any of the authorized-disclosure provisions of Federal Rule of Criminal Procedure 6(e)(3)(E). As such, the Court lacks subject-matter jurisdiction to entertain the Motion. *See Scott*, 414 F.3d at 816; *Campbell II*, 324 F.3d at 499-500 (Easterbrook, J., concurring) (in addressing a request for grand-jury materials, asking: "if this is a stand-alone case, what is the source of subject-matter jurisdiction? Unless Rule 6(e), like the Freedom of Information Act, permits people to seek federal documents for their own sake, 28 U.S.C. § 1331 will not serve. Yet no one thinks that Rule 6(e) is a parallel to the FOIA; it is a rule of secrecy, not a command of disclosure. A demand for access to grand jury materials is not an independent claim arising under federal law; the litigant must want some relief independent of discovery."). Even if the Court did have jurisdiction, however, the Court would deny Petitioner's request because he has not satisfied any of the requirements for obtaining grand-jury materials.[1]

## I. The Grand Jury

"The grand jury has always occupied a high place as an instrument of justice in our system of criminal law-so much so that it is enshrined in the Constitution." *Sells Eng'g*, 463 U.S. at 423, 103 S. Ct. at 3137. "Its establishment in the Constitution 'as the sole method for preferring charges in serious criminal cases' indeed 'shows the high place it holds'" in the criminal-justice system. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399, 79 S. Ct. 1237, 1241 (1959) (quoting *Costello v. United States*, 350 U.S. 359, 362, 76 S. Ct. 406, 408

---

[1] Petitioner's failure to properly initiate this case provides a third reason why his Motion should be denied. Where – as here – someone files a Rule 6(e) motion seeking grand-jury materials to be used independently from a pending criminal case, courts should treat the motion as an initiation of a civil case that requires payment of civil filing and docket fees. *See United States v. Campbell* (*Campbell I*), 294 F.3d 824, 827 (7th Cir. 2002). Petitioner has made no such payments, and he has not sought to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.

(1956)).  "Although the English forerunner of the modern grand jury served primarily as a prosecutorial and investigative arm of the Crown and was designed to enhance the government's authority, by the 17th century the grand jury had developed an equally important function-to safeguard citizens against an overreaching Crown and unfounded accusations." *Butterworth v. Smith*, 494 U.S. 624, 629, 110 S. Ct. 1376, 1380 (1990).

Ever since the Founding Fathers provided for it in the Constitution, "the American grand jury, like that of England, 'has convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor.'" *Pittsburgh Plate Glass*, 360 U.S. at 400, 79 S. Ct. at 1241 (quoting *Costello*, 350 U.S. at 362, 76 S. Ct. at 408).  Ultimately, the grand jury "serves the 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'" *Sells Eng'g*, 463 U.S. at 423, 103 S. Ct. at 3137 (quoting *Brazenburg v. Hayes*, 408 U.S. 665, 686-87, 92 S. Ct. 2646, 2659 (1972)).

## II.    Grand-Jury Secrecy

The Supreme Court "consistently ha[s] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil*, 441 U.S. at 218, 99 S. Ct. at 1672.  Indeed, the strong policy of grand-jury secrecy is "older than our Nation itself." *Pittsburgh Plate Glass*, 360 U.S. at 399, 79 S. Ct. at 1241.  "Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." *Douglas Oil*, 441 U.S. at 219 n.9, 99 S. Ct. at 1673 (noting that grand-jury secrecy "was imported into our federal common law and is an integral part of our criminal justice system").

"Several distinct interests are served by safeguarding the confidentiality of grand jury proceedings." *Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 567 n.11, 103 S. Ct. 1356, 1361 (1983). Grand-jury secrecy helps to ensure the impartiality of that body. *See Butterworth*, 494 U.S. at 629, 110 S. Ct. at 1380. Additionally, the Supreme Court has noted that

> "if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, [] preserving the secrecy of the proceedings . . . assure[s] that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."

*Id.* at 630, 110 S. Ct. at 1380 (quoting *Douglas Oil*, 441 U.S. at 218-19, 99 S. Ct. at 1672-73); *see also Pittsburgh Plate Glass*, 360 U.S. at 400, 79 S. Ct. at 1241 ("To make public any part of its proceedings would inevitably detract from its efficacy. Grand jurors would not act with that independence required of an accusatory and inquisitorial body. Moreover, not only would the participation of the jurors be curtailed, but testimony would be parsimonious if each witness knew that his testimony would soon be in the hands of the accused.").

"Grand jury secrecy, then, is 'as important for the protection of the innocent as for the pursuit of the guilty,'" and both Congress and the Supreme Court "have consistently stood ready to defend it against unwarranted intrusion." *Sells Eng'g*, 463 U.S. at 424-25, 103 S. Ct. at 3138 (quoting *United States v. Johnson*, 319 U.S. 503, 513, 63 S. Ct. 1233, 1238 (1943)); *see also Douglas Oil*, 441 U.S. at 219, 99 S. Ct. at 1673 (noting courts' reluctancy to "lift unnecessarily the veil of secrecy from the grand jury"); *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993). Since 1946, Federal Rule of Criminal Procedure 6(e) has codified the general rule of

grand-jury secrecy. *See Abbott & Assocs.*, 460 U.S. at 567 n.11, 103 S. Ct. at 1361 (quoting *Douglas Oil*, 441 U.S. at 218 n.8, 99 S. Ct. at 1672).

Despite the strong pro-secrecy policy that surrounds the grand jury, Federal Rule of Criminal Procedure 6(e)(3)(E)(i) allows a court to "authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter . . . preliminary to or in connection with a judicial proceeding." *Id.* "To obtain grand jury material, despite the presumptive secrecy imposed by Fed. R. Crim. P. 6(e), a litigant must show that the information 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed.'" *Campbell II*, 324 F.3d at 498-99 (quoting *Douglas Oil*, 441 U.S. at 222, 99 S. Ct. 1667); *see also In re Grand Jury Proceedings, Special Sept. 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991) ("The district court must make the determination that the transcript is, in fact, *compellingly necessary* to the party seeking disclosure." (emphasis in original and labeling the standard as "deliberately stringent")); *In re Grand Jury Proceedings "Operation Gateway"*, 877 F.2d 632, 634 (7th Cir. 1989) ("Inconvenience, delay, even silliness, do not add up to 'particularized need', a demanding standard.").

This is a "'highly flexible'" standard, one "'adaptable to different circumstances and sensitive to the fact that the requirements of secrecy are greater in some situations than in others.'" *United States v. John Doe, Inc. I*, 481 U.S. 102, 116-17, 107 S. Ct. 1656, 1663 (1987) (quoting *Sells Eng'g*, 463 U.S. at 445, 103 S. Ct. at 3149). As the Supreme Court has stated, "the typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and

the like.' Such use is necessary to avoid misleading the trier of fact." *Douglas Oil*, 441 U.S. at 222 n.12, 99 S. Ct. at 1674 (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S. Ct. 983, 987 (1958)).

Furthermore, when disclosure is permitted, it is to be done in a discrete and limited manner. *See Dennis v. United States*, 384 U.S. 855, 869, 86 S. Ct. 1840, 1849 (1966). Accordingly, "'if disclosure is ordered, the court may include protective limitations on the use of the disclosed material.'" *Sells Eng'g*, 463 U.S. at 443, 103 S. Ct. at 3148 (quoting *Douglas Oil*, 441 U.S. at 223, 99 S. Ct. at 1675). Because Petitioner has not satisfied any of the disclosure requirements, however, the Court need not address any such protective measures.

### A. Petitioner Has Not Established That the Materials Are Needed to Avoid a Possible Injustice in Another Judicial Proceeding

Petitioner has not established that "the materials sought [are] 'needed to avoid a possible injustice in another judicial proceeding.'" *United States v. Baggot*, 463 U.S. 476, 480 n.4, 103 S. Ct. 3164, 3167 (1983) (quoting *Douglas Oil*, 441 U.S. at 222, 99 S. Ct. at 1674). As the Supreme Court has concluded, a court's inquiry into whether someone needs grand-jury materials in another judicial proceeding "cannot even be made without consideration of the particulars of the judicial proceeding with respect to which disclosure is sought." *Id.* Here, Petitioner does not contend that he seeks to use the requested information in any judicial proceeding. He states, rather, that he would like to use the materials in connection with academic and research studies.

The Supreme Court has made clear that Rule 6(e)'s requirements that (1) disclosure be made preliminarily to or in connection with a judicial procedure and (2) the moving party make a particularized-need showing "are independent prerequisites to [] disclosure." *Id.* at 480, 103 S.

Ct. at 3167 (noting at 479, 103 S. Ct. at 3167, that the former requirement "is, on its face, an affirmative limitation on the availability of court-ordered disclosure of grand jury materials"). "The particularized need test is a criterion of *degree*; the 'judicial proceeding' language . . . imposes an additional criterion governing the *kind* of need that must be shown." *Id.* (emphasis in original). The "judicial proceeding" requirement

> reflects a judgment that not every beneficial purpose . . . is an appropriate reason for breaching grand jury secrecy. Rather, the Rule contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated. Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the *actual* use to be made of the material.

*Id.* (emphasis in original). Accordingly, "[i]f the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure . . . is not permitted." *Id.*

The Court must therefore deny Petitioner's request. Petitioner's proposed use of the grand-jury materials is to perform the non-litigation function of pursuing academic and research studies. As such, he is not entitled to disclosure. *See id.* at 483, 103 S. Ct. at 3169; *Campbell II*, 324 F.3d at 499.

### B. Petitioner Has Not Established That the Need for Disclosure Outweighs the Need for Continued Secrecy

Petitioner also has not shown that the need for disclosure of the requested information exceeds the need for continued grand-jury secrecy. In fact, Petitioner has not provided any argument regarding the need for continued secrecy or elaborated on why he needs the requested information for his academic and research studies. As the Seventh Circuit has stated, "[a]lthough it can happen that the need for secrecy may be accorded less weight than the need for disclosure, the latter must have been shown to exist, and a 'strong showing' is required."

*Hernly*, 832 F.2d at 985 (quoting *Sells Eng'g*, 463 U.S. at 443, 103 S. Ct. at 3148); *Campbell I*, 294 F.3d at 827 n. 1 (noting that "the public interest in the sanctity of the grand jury is strong, indeed").

The need for grand-jury secrecy is diminished once the grand jury has fulfilled its duties, and "'as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury material will have a lesser burden in showing justification.'" *John Doe, Inc.*, 481 U.S. at 115, 107 S. Ct. at 1664 (quoting *Douglas Oil*, 441 U.S. at 223, 99 S. Ct. at 1675). "When an investigation ends, there is no longer a need to keep information from the targeted individual in order to prevent his escape-that individual presumably will have been exonerated, on the one hand, or arrested or otherwise informed of the charges against him, on the other." *Butterworth*, 494 U.S. at 632, 110 S. Ct. at 1381. Further, after the grand jury is discharged, "[t]here is also no longer a need to prevent the importuning of grand jurors since their deliberations will be over." *Id.* at 632-33, 110 S. Ct. at 1381-82; *see also United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 234, 60 S. Ct. 811, 849 (1940).

Even after the grand jury's term ends, however, "the requirement that [one] show that the materials are necessary to avoid injustice is only diminished; it is not abrogated altogether." *Hernly*, 832 F.2d at 985. In considering the effects of disclosure on grand-jury proceedings, courts therefore must consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil*, 441 U.S. at 222, 99 S. Ct. at 1674. As the Supreme Court teaches,

> [e]ven after the conclusion of a particular grand jury's investigation, continued secrecy protects the reputations of the innocent and safeguards witnesses from possible retaliation. In addition, stringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully

9

and freely before future grand juries. More generally, grand jury secrecy has traditionally been invoked to justify the limited procedural safeguards available to witnesses and persons under investigation.

*Abbott & Assocs.*, 460 U.S. at 567 n.11, 103 S. Ct. at 1361 (internal citation omitted); *see also Douglas Oil*, 441 U.S. at 222, 99 S. Ct. at 1674 ("Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties."); *Illinois v. F.E. Moran, Inc.*, 740 F.2d 533, 539 (7th Cir. 1984), *superseded on other grounds as recognized by In re United States*, 398 F.3d 615 (7th Cir. 2005) (in rejecting the view "that the federal courts make a fetish of grand jury secrecy-that there is little reason to preserve it after the grand jury has been discharged," noting the interests in grand-jury secrecy "arising from the fact that grand jury witnesses testify without counsel present and testify about other people as well as themselves"). As such, "[a]t all events the view that grand jury secrecy is very much worth preserving even after the grand jury has been discharged . . . is far too well established in the federal system to be questioned. . . ." *F.E. Moran*, 740 F.2d at 539.

Because Petitioner merely requests the information "for the purpose of academic and research studies" (R. 363, Mot. at 1), he has not established that the need for disclosure outweighs the need for continued secrecy. While disclosure can serve the public interest by promoting the proper administration of criminal justice, *see John Doe, Inc.*, 481 U.S. at 116, 107 S. Ct. at 1665; *Dennis*, 384 U.S. at 870, 86 S. Ct. at 1849, Petitioner has not provided any indication of what academic or research studies he is pursuing, what role the requested material would play in those studies, or why other sources of information could not fulfill that role. *See*

10

*Pittsburgh Plate Glass*, 360 U.S. at 400, 79 S. Ct. at 1241 (finding that disclosure was not proper where "petitioners failed to show any need whatever for the [grand-jury] testimony"). Given the public trial and the proceedings before the Seventh Circuit in this case, Petitioner has not established that he needs the grand-jury materials to promote the proper administration of criminal justice.

      **C.     Petitioner Has Not Made a Structured Request**

Finally, Petitioner has not satisfied the particularized-need test's requirement that the "request be 'structured to cover only material so needed.'" *Baggot*, 463 U.S. at 480 n.4, 103 S. Ct. at 3167 (quoting *Douglas Oil*, 441 U.S. at 222, 99 S. Ct. at 1674). Petitioner requests, rather, all grand-jury records and transcripts, and he does not explain why he is unable to structure his request in a limited fashion. As the Seventh Circuit has concluded, "a demand for all transcripts of all testimony is a fishing expedition, which Rule 6(e) forbids." *Campbell II*, 324 F.3d at 499.

## CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Motion for disclosure of grand-jury records and transcripts.

Dated: September 8, 2010                                        ENTERED:

                                                                                                  AMY J. ST. EVE
                                                                                                  United States District Court Judge